*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LIONEL OVALLE,

       Defendant-Appellant.

UNPUBLISHED
October 22, 2020

No. 347259
Wayne Circuit Court
LC No. 18-002035-01-FC

Before: BOONSTRA, P.J., and MARKEY and HOOD, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of a person under 13 years of age), second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a person under 13 years of age), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. After this Court entered a remand order for resentencing[1] and for the trial court's correction of clerical errors in the original judgment of sentence, an amended judgment of sentence was eventually issued. Defendant was sentenced to 25 to 50 years' imprisonment for the CSC-I and CSC-II convictions, 30 months to 5 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises out of sexual assaults defendant committed against the victim, KP. At the time of trial KP was 11 years old. KP testified that defendant sexually abused her in the Detroit apartment that she shared with her mother, her younger brothers, and defendant. She indicated that she was around 9 or 10 years old when the sexual assaults took place. According to KP, defendant would either climb on top of KP or maneuver KP to be on top of him with defendant's "privates" touching her "privates" while they were both clothed. On occasion when defendant was

---

[1] *People v Ovalle*, unpublished order of the Court of Appeals, entered January 13, 2020 (Docket No. 347259).

on top of KP on the sofa, he would be "kind of jumping, but kind of not." KP described the jumping as "going up and down." Defendant would also kiss KP on the mouth. KP spoke of one incident where defendant made her touch his penis. KP also testified that on more than one occasion defendant digitally penetrated her vagina. She additionally described an incident in which defendant penetrated KP vaginally when his "private part" went into her "private part."[2] KP testified that defendant would often say "[g]ive it to me" during the sexual assaults, and KP's mother testified that defendant used the same exact phrase when they engaged in sexual relations. KP's mother also testified that defendant kept in his possession a handgun, which was recovered, and evidence was admitted establishing that defendant had previously been convicted of a specified felony and could not lawfully possess a firearm. While defendant admitted during his testimony to using alcohol and cocaine and treating KP's mother poorly, he denied any improper sexual conduct with respect to KP. The jury convicted defendant as indicated earlier, and he now appeals.

On cross-examination of defendant, the prosecutor asked defendant whether he "had ever been convicted of a crime involving th[eft], dishonesty, or false statements?" Defendant responded, "Theft, yes, sir." No further testimony was elicited on the matter. On appeal, defendant argues that trial counsel was ineffective for failing to object to the prosecutor's question that elicited defendant's acknowledgment of a past theft conviction. Defendant also asserts, effectively, that the prosecution committed misconduct by inquiring about defendant's criminal history concerning theft during cross-examination. The entire premise of defendant's argument is that MRE 609, which addresses, in part, the impeachment of a witness with evidence that the witness had a past conviction for a crime containing an element of "theft," has a temporal limit that was violated with the introduction of defendant's testimony of a past theft conviction. See MRE 609(a)(2) and (c). MRE 609(c) provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

Defendant contends that his 2005 conviction for receiving and concealing stolen property was inadmissible under MRE 609(c) because more than 10 years had elapsed since the date of the conviction or his release from confinement for that conviction. The flaw in defendant's argument is that, as revealed in the presentence investigation report, on September 3, 2013, he was convicted of three counts of second-degree burglary in the state of Georgia. Defendant does not address or even acknowledge these Georgia convictions on appeal, and there is no contention that the Georgia convictions could not be used to impeach defendant under MRE 609.[3] Defendant's only argument

---

[2] We note that the jury convicted defendant of CSC-I for the digital-vaginal penetration, but acquitted him on a separate CSC-I count based on penile-vaginal penetration.

[3] In *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), our Supreme Court observed:

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the

regarding an inadmissible prior conviction concerns the 2005 Michigan conviction for receiving and concealing stolen property. There is nothing in the record to show that defendant was even referring to the 2005 conviction when he admitted to a past conviction for theft. Convictions in other jurisdictions can be admitted to impeach a witness's credibility if the convictions otherwise meet the criteria in MRE 609. *People v Smith*, 158 Mich App 220, 234-235; 405 NW2d 156 (1987). Indeed, this Court in *People v Meshell*, 265 Mich App 616, 636-638; 696 NW2d 754 (2005), held that a burglary conviction in Missouri was properly admitted under MRE 609.[4]

Accordingly, for purposes of the claim of ineffective assistance of counsel, defendant has failed to show that counsel's performance was deficient, i.e., that it fell below an objective standard of reasonableness, and he has also failed to establish the factual predicate for the ineffective assistance claim. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001); *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000). With respect to the claim of prosecutorial misconduct, defendant has not established that he was denied a fair trial or that the prosecutor engaged in a bad-faith effort to elicit inadmissible evidence. *People v Dobek*, 274 Mich App 58, 63, 70; 732 NW2d 546 (2007).

Moreover, the extremely brief reference to a vague theft conviction in a case involving charges of sexual assault did not result in any prejudice to defendant as required to succeed on a claim of ineffective assistance of counsel, *Carbin*, 463 Mich at 600, or to obtain reversal on the basis of prosecutorial misconduct on plain-error review, *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). We note that the trial court instructed the jury that "[a] past conviction is not evidence that the [d]efendant committed the alleged crime in this case." Additionally, even had the prosecutor not elicited the challenged testimony from defendant on cross-examination, the jury would still have been informed during instructions of a stipulation that defendant had a prior felony conviction for purposes of the felon-in-possession charge. In other words, the jury was going to learn that defendant had a criminal background one way or the other.[5] We hold that reversal is simply unwarranted.

---

       basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [Citation omitted.]

It was defendant's obligation to develop his appellate argument and provide reasoning why the Georgia convictions would not satisfy the requirements of MRE 609.

[4] Georgia Code 16-7-1(c) provides that "[a] person commits the offense of burglary in the second degree when, without authority and with the intent to commit a felony or *theft* therein, he or she enters or remains within an occupied, unoccupied, or vacant building, structure, railroad car, watercraft, or aircraft." (Emphasis added.) In Georgia, second-degree burglary is a felony punishable by imprisonment for not less than one year nor more than five years. *Id.*

[5] We surmise that the jury likely concluded that the theft conviction was the conviction underlying the felon-in-possession charge. And without the challenged testimony, the jury would have been

-3-

Defendant next contends that the trial court erred by admitting a stipulation that encompassed inadmissible hearsay statements KP made to the police, which were apparently included in an investigative report. The parties stipulated that if the police officers who spoke to KP were present to testify, they would have testified that KP told them that "her stepfather had been touching her, lying on top of her, as well as pulling her leggings down, putting his penis inside of her pants although not penetrating her," and "had put his finger inside of her vagina." Because trial counsel stipulated to the admission of KP's statements, any alleged error in the admission of these statements was waived. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). But defendant bootstraps a claim of ineffective assistance of counsel, so we must further examine the issue.

Defendant contends that there was no strategic reason to stipulate to the admission of KP's statements, which were prejudicial. Defendant fails to overcome the presumption that counsel exercised sound trial strategy when stipulating to the admission of the statements KP made to the police. *Carbin*, 463 Mich at 600. KP's credibility was the focal point of the trial. Trial counsel repeatedly highlighted KP's inconsistent accounts of the events. He emphasized that KP could not clearly remember the details of the alleged sexual abuse. Counsel also argued that KP had previously told eight different people about the sexual abuse, but she could not recall what exactly occurred when on the stand at trial. During trial counsel's closing argument, he reiterated that KP had not provided credible testimony:

> There are certain things in life that happen that we simply just don't forget. Your first kiss. The first time you had sex. In this instance, when you were sexually assaulted, or when somebody touched you inappropriately. You remember where you were. You remember what you were doing. You remember who you were with. You remember the details.

> And in this particular case, in order for you to find that the [d]efendant is guilty, you have to believe [KP's] testimony. And the first thing you have to do is think that her testimony is reliable. There was one thing that she said more than anything else in this case and that is "I don't remember." She didn't remember whether she was penetrated the first time or the second time. She didn't remember how many times it happened. She doesn't remember where it happened. She doesn't remember how it felt other than icky or nasty. She couldn't tell you the physical details.

> The devil is in the details when you start talking about looking at the credibility of a witness. Do they remember the details [or] the finite issues in the case. And [KP] got on that stand and didn't remember almost anything about where, about what happened first. Whether she was penetrated or not. When she was penetrated. She doesn't remember any of that stuff.

---

left to speculate regarding the nature of defendant's felonious history, perhaps contemplating crimes much more serious than a theft-based offense.

Trial counsel's defense theory was that KP was not credible because she could not remember specific events and provided different and inconsistent stories as to what had occurred. KP testified that defendant digitally penetrated her vagina and that he also penetrated her vagina with his penis. But in KP's statements to the police, she denied any penile-vaginal penetration. Indeed, counsel was able to obtain an acquittal on the CSC-I count charging penile-vaginal penetration. Her statements furthered the defense's theory that KP was an unreliable witness. Accordingly, defendant fails to overcome the presumption that counsel was exercising sound trial strategy when he stipulated to the admission of KP's statements. Therefore, trial counsel's performance did not fall below an objective standard of reasonableness. *Toma*, 462 Mich at 302.

Finally, defendant presents sentencing issues, pointing to clerical errors in the judgment of sentence and contending that the trial court failed to reference the sentencing guidelines for CSC-I or to explain why the court was sentencing defendant above the 25-year mandatory minimum. The trial court corrected the clerical errors, and later defendant was sentenced to the 25-year mandatory minimum at resentencing for the CSC convictions, as opposed to the original 30-year minimum sentences. The guidelines for CSC-I were addressed at the resentencing hearing pursuant to the remand order from this Court. Accordingly, because defendant has now obtained the relief he sought, the sentencing issues have been rendered moot. See *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000) ("An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief.").

We affirm.


/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

-5-